# UNITED STATES DISTRICT COURT
## DISTRICT OF JERSEY, CAMDEN

|  |  |  |
|---|---|---|
| JOAN WEINER<br>4217 Pine Street<br>Philadelphia, Pennsylvania 19104 | : | |
| | : | |
| v. | : | DOCKET NO. |
| | : | |
| TRUMP MARINA<br>Huron Avenue and Brigantine Boulevard<br>Atlantic City, New Jersey 08401 | : | |
| | : | |
| TRUMP MARINA ASSOCIATES, L.P.<br>d/b/a Trump Marina<br>Huron Avenue and Brigantine Boulevard<br>Atlantic City, New Jersey 08401 | : | **COMPLAINT** |
| | : | |
| TRUMP MARINA, INC.<br>d/b/a Trump Marina<br>Huron Avenue and Brigantine Boulevard<br>Atlantic City, New Jersey 08401 | : | |
| | : | |
| TRUMP MARINA ASSOCIATES, LLC<br>d/b/a Trump Marina<br>Huron Avenue and Brigantine Boulevard<br>Atlantic City, New Jersey 08401 | : | JURY TRIAL DEMANDED |
| | : | |
| TRUMP ENTERTAINMENT RESORTS, INC.<br>15 South Pennsylvania Avenue<br>Atlantic City, New Jersey 08401 | : | |
| | : | |
| TRUMP HOTELS & CASINO RESORTS,<br>INC.<br>1000 Boardwalk<br>Atlantic City, New Jersey 08041 | | |
| | | |
| JOHN DOES 1-10 | | |

Plaintiff, Joan Weiner, by and through her attorneys, Sheridan & Murray, LLC, hereby submits the following Complaint and in support thereof, avers the following:

## I.      **THE PARTIES**

1.      Plaintiff, Joan Weiner, is an adult citizen of the State of Pennsylvania, residing therein at 4217 Pine Street, Philadelphia, Pennsylvania 19104.

2.      Defendant, Trump Marina, is, upon information and belief, a hotel casino and corporation organized and existing under the laws of the State of New Jersey, duly authorized to conduct business in the State of New Jersey, and regularly conducting business therein with a principal place of business located at Huron Avenue and Brigantine Boulevard, Atlantic City, New Jersey 08401.

3.      Defendant, Trump Marina, Inc., d/b/a Trump Marina, is, upon information and belief, a corporation organized and existing under the laws of the State of New Jersey, duly authorized to conduct business in the State of New Jersey, regularly conducting business therein with a principal place of business located at Huron Avenue and Brigantine Boulevard, Atlantic City, New Jersey 08401.

4.      Defendant, Trump Marina Associates, L.P., d/b/a Trump Marina, is, upon information and belief, a corporation organized and existing under the laws of the State of New Jersey, duly authorized to conduct business in the State of New Jersey, regularly conducting business therein with a principal place of business located at Huron Avenue and Brigantine Boulevard, Atlantic City, New Jersey 08401.

5.      Defendant, Trump Marina Associates, LLC, d/b/a Trump Marina, is, upon information and belief, a corporation organized and existing under the laws of the State of New Jersey, duly authorized to conduct business in the State of New Jersey, regularly conducting business therein with a principal place of business located at Huron Avenue and Brigantine Boulevard, Atlantic City, New Jersey 08401.

6.      Defendant, Trump Entertainment Resorts, Inc., (hereinafter Trump Entertainment) is upon information and belief, a corporation organized and existing under the laws of the State of New Jersey that regularly conducts business at Defendant, Trump Marina, with a principal place of business located at 15 South Pennsylvania Avenue, Atlantic City, New Jersey 08401.

7.      Defendant Trump Hotels & Casino Resorts, Inc., (hereinafter Trump Hotels) is upon information and belief, a corporation organized and existing under the laws of the State of New Jersey that regularly conducts business at Defendant, Trump Marina, with a principal place of business located at 1000 Boardwalk, Atlantic City, New Jersey 08401.

8.      Defendants, John Does 1-10, were/are, upon information and belief, corporations, agents, companies, entities, individuals, contractors, subcontractors, and/or businesses responsible for the operation, ownership, management, and control of the hotel casino, Defendant Trump Marina, located at Huron Avenue and Brigantine Boulevard, Atlantic City, New Jersey 08401.

9.      At all times material hereto, the Defendant(s) owned, operated, possessed, maintained, and/or controlled the Defendant Trump Marina Hotel Casino located at Huron Avenue and Brigantine Boulevard, Atlantic City, New Jersey 08401.

10.      At all times material hereto, the Defendant(s) acted and/or failed to act by and through their actual and/or apparent agents, servants, workmen, employees, representatives, independent contractors, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency, and in furtherance of Defendants' interests.

## II.    **JURISDICTION AND VENUE**

11.    This Court has jurisdiction based upon the diversity of citizenship of the parties and the requisite amount in controversy is in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs, pursuant to 28 U.S.C. § 1332.

12.    Venue is appropriate in this District because the Defendants are subject to personal jurisdiction in this judicial district and the underlying negligence and carelessness of the Defendants in causing this accident, described more fully below, occurred at Defendant Trump Marina at Huron Avenue and Brigantine Boulevard, Atlantic City, New Jersey, which is within this judicial district.

## III.    **FACTUAL AVERMENTS**

13.    At all times material hereto, Defendants, Trump Marina, Trump Marina Associates, L.P., Trump Marina, Inc. Trump Marina Associates, LLC, Trump Entertainment, Trump Hotels and Defendants John Does 1-10, upon information and belief, owned, operated, possessed, maintained, and/or controlled the Defendant Trump Marina.

14.    At all times material hereto, Defendants, Trump Marina, Trump Marina Associates, L.P., Trump Marina, Inc., Trump Marina Associates, LLC, Trump Entertainment, Trump Hotels and Defendants John Does 1-10, upon information and belief, owned, operated, possessed, maintained, and/or controlled Room 2302 of Defendant Trump Marina (hereinafter referred to as "the Premises").

15.    At all times material hereto, Defendant Trump Marina, upon information and belief, had a duty to keep, inspect, repair, maintain, and/or control the Premises in a reasonable and safe condition and a further duty to ensure that all persons utilizing the

premises were not injured as a result of the negligence, carelessness and/or recklessness of the Defendants.

16.     At all times material hereto, Defendant Trump Marina Inc., upon information and belief, had a duty to keep, inspect, repair, maintain, and/or control the Premises in a reasonable and safe condition and a further duty to ensure that all persons utilizing the premises were not injured as a result of the negligence, carelessness and/or recklessness of the Defendants.

17.     At all times material hereto, Defendant Trump Marina Associates, L.P., upon information and belief, had a duty to keep, inspect, repair, maintain, and/or control the Premises in a reasonable and safe condition and a further duty to ensure that all persons utilizing the premises were not injured as a result of the negligence, carelessness and/or recklessness of the Defendants.

18.     At all times material hereto, Defendant Trump Marina Associates, LLC, upon information and belief, had a duty to keep, inspect, repair, maintain, and/or control the Premises in a reasonable and safe condition and a further duty to ensure that all persons utilizing the premises were not injured as a result of the negligence, carelessness and/or recklessness of the Defendants.

19.     At all times material hereto, Defendant Trump Entertainment upon information and belief, had a duty to keep, inspect, repair, maintain, and/or control the Premises in a reasonable and safe condition and a further duty to ensure that all persons utilizing the premises were not injured as a result of the negligence, carelessness and/or recklessness of the Defendants.

20.     At all times material hereto, Defendant Trump Hotels upon information and belief, had a duty to keep, inspect, repair, maintain, and/or control the Premises in a reasonable and safe condition and a further duty to ensure that all persons utilizing the premises were not injured as a result of the negligence, carelessness and/or recklessness of the Defendants.

21.     At all times material hereto, Defendants John Does 1-10 upon information and belief, had a duty to keep, inspect, repair, maintain, and/or control the Premises in a reasonable and safe condition and a further duty to ensure that all persons utilizing the premises were not injured as a result of the negligence, carelessness and/or recklessness of the Defendants.

22.     At all times material hereto, the Defendant(s) had a duty to maintain the Premises in a reasonable and safe condition.

23.     At all times relevant and material hereto, Defendant(s) had a duty to inspect the Premises for hazardous and dangerous conditions.

24.     At all times relevant and material hereto, Defendant(s) had a duty to repair, remove, and/or eliminate hazards and dangerous conditions in the Premises.

25.     At all times relevant and material hereto, Defendant(s) had a duty to ensure that the premises was in a reasonably safe condition, and free of any dangerous conditions.

26.     At all times relevant and material hereto, Defendant(s) had a duty to warn, or otherwise protect, persons from any known or knowable dangerous conditions and/or hazards on the Premises.

27.     At all times relevant and material hereto, Plaintiff, Joan Weiner, was patron and business invitee of Defendant(s).

28.     At all times relevant and material hereto, Plaintiff, Joan Weiner, was lawfully upon the Premises.

29.     On December 10, 2008, Plaintiff, Joan Weiner, a patron at Trump Marina, was severely injured when she fell after stepping onto the bathroom floor of the Premises. She was caused to fall due to the hazardous and dangerous condition of the bathroom's floor surface due to the negligence and carelessness of the Defendants.

30.     At all times relevant and material hereto, Plaintiff was exercising due care for her own safety.

31.     This incident was directly, proximately, and solely caused by the negligence and carelessness of the Defendant(s) as set forth more fully hereinafter.

32.     At all times relevant and material hereto, Defendant(s) negligently, carelessly, and recklessly failed to have non-slip and/or slip resistant floors in the bathroom of the Premises at the time of this incident.

33.     At all times relevant and material hereto, the Defendant(s) negligently, carelessly, and recklessly failed to have anti-slip and/or slip resistant protection on the bathroom floor of the Premises at the time of this incident.

34.     At all times relevant and material hereto, Defendant(s) negligently, carelessly, and recklessly failed to have an appropriate floor mat or other similar covering on the bathroom floor of the Premises at the time of this incident.

35.     At all times relevant and material hereto, it was, or should have been, reasonably foreseeable to the Defendant(s) that persons, like the Plaintiff, would be stepping onto the bathroom floor on the Premises and be exposed to this hazardous and dangerous condition.

36.     At all times relevant and material hereto, it was, or should have been, reasonably foreseeable to the Defendant(s) that persons exposed to this hazard and danger could be injured in a manner similar to the Plaintiff.

37.     At all times material and relevant hereto, the Defendant(s) failed to provide Plaintiff was a safe means of walking on the bathroom floor of the Premises.

38.     At all times relevant and material hereto, the Defendant(s) failed to conduct reasonable inspections of the bathroom of the Premises to identify dangerous conditions and/or hazards.

39.     At all times material hereto, the Defendant(s) failed to take reasonable steps to ensure that the bathroom of the Premises was in a safe condition and free of dangerous conditions and/or hazards so as to prevent injuries to persons upon the property.

40.     The above referenced incident was directly and proximately caused by the negligence, carelessness and/or recklessness of the Defendants, as set forth more fully in this Complaint.

41.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendant(s), Plaintiff, Joan Weiner, has sustained serious and permanent injuries and loss of loss of body function, including but not limited to the following: torn and damaged ligaments and structures in the right wrist requiring surgical repair, right wrist scarring, loss of function in the right wrist and hand, anticipated future surgery on the right wrist, multiple contusions and bruises to her body, shock to her nerves and nervous system, mental anguish, embarrassment and distress.

42.     The personal injuries sustained by the Plaintiff constitute a serious, substantial and permanent impairment and loss of bodily functions.

43.     As a direct and proximate result of the negligence, carelessness and/or recklessness of the Defendant(s), the Plaintiff has suffered and will continue to suffer great physical pain, discomfort, trauma, humiliation, anxiety, and/or mental anguish and will continue to endure the same for an indefinite period of time in the future, to her great physical, emotional, and financial detriment, and requiring continued medical care, monitoring, and treatment.

44.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendant(s) the Plaintiff is subject to an increase risk that she will develop future complications and injuries that will require future medical monitoring and medical treatment in the future.

45.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendant(s), Plaintiff has been compelled, in order to attempt to affect a cure of the aforementioned injuries, to expend large and various sums of money for medicine and medical care and may be required to expend large sums of money for the same purposes in the future.

46.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendant(s), the Plaintiff has been prevented and will be prevented from engaging in her usual activities, avocations, occupations, and lifestyles, all to her great personal and financial loss and detriment.

47.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendant(s), the Plaintiff was unable to work for a period of time and suffered a loss of earnings and impairment of her earning capacity.

48.     All Defendants are jointly and severally liable to the Plaintiff.

## COUNT I – NEGLIGENCE

## JOAN WEINER v. TRUMP MARINA

49.     Plaintiff hereby incorporates by reference the averments set forth in paragraphs 1 through 48 inclusive as set forth at length herein.

50.     At all times material hereto, Defendant Trump Marina directly, and by and through its employees, agents, workmen, and contractors, owed a duty to Plaintiff and persons in Plaintiff's position to exercise due and ordinary care in the operation of its activities, including but not limited to maintenance, inspection, safety, and/or control of the Premises.

51.     At all times material hereto, Defendant Trump Marina directly, by and through its employees, agents, workmen, and contractors, had a duty to make, design, inspect, repair, control, and/or maintain the Premises in a reasonable and safe manner.

52.     Defendant Trump Marina directly, and by and through its employees, agents, workmen, and contractors, negligently, carelessly, and/or recklessly breached all duties owed to the Plaintiff by permitting the dangerous condition to exist and remain in the bathroom of the Premises thereby proximately causing Plaintiff's serious and permanent injuries.

53.     Plaintiff was seriously and permanently injured as a direct and proximate result of the negligence, carelessness, and/or reckless acts and/or omissions of Defendant Trump Marina directly and/or by and through its agents, employees, ostensible agents, servants, workmen, contractors, subcontractors, and/or representatives, which consisted of the following:

      a.     Failing to properly and adequately inspect the bathroom of the Premises to protect against dangerous conditions on the bathroom floor;

b.      Failure to correct or remedy a dangerous condition which it knew or should have known to be dangerous;

c.      Failing to protect individuals lawfully in the bathroom of the Premises, including the Plaintiff from the dangerous condition on the bathroom floor of the Premises;

d.      Failing to warn individuals, including the Plaintiff, of the dangerous condition presented by the condition of the bathroom floor;

e.      Failing to post warnings, or other symbols in the bathroom of the Premises, notifying people of the dangerous condition of the bathroom floor;

f.      Preventing or allowing a dangerous condition to remain in/on the bathroom floor of the Premises;

g.      Failing to ensure that the bathroom floor  of the Premises was slip resistant;

h.      Failing to have adequate non-slip protection on the bathroom floor of the Premises;

i.      Failing to have any bathroom mats or other similar coverings to prevent dangerous and slippery conditions on the bathroom floor of the Premises;

j.      Failing to properly and adequately construct and/or maintain the floor of the bathroom of the Premises in a safe condition;

k.      Failing to properly train and instruct the Defendant's personnel, employees, representatives, contractors, subcontractors, and/or agents

with regard to the proper inspection, maintenance, and/or safety of the bathroom floor of the Premises;

l.      Failing to ensure that the bathroom floor of the Premises was safely and adequately inspected and/or maintained;

m.      Failing to obtain an approved plan or design for the inspection, repair, and/or maintenance of the bathroom floor of the Premises;

n.      Failing to perform an inspection, repairs, and maintenance of the bathroom floor of the Premises in accordance with approved plans or designs, if any such plans or designs existed;

o.      Failing to maintain the bathroom floor in a condition so that it was safe for its foreseeable use;

p.      Failure to take reasonable steps to ensure that individuals lawfully in the bathroom of the Premises including Plaintiff, would remain free from unnecessary and reasonable harm;

q.      Failing to regularly inspect and maintain the bathroom floor of the Premises to ensure that it was maintained and/or remained in a safe condition in accordance with the Defendants and/or other appropriate policies and procedures;

r.      Failing to repair and/or correct the dangerous condition on the bathroom floor of the Premises when Defendant knew or should have known that such dangerous condition existed;

s.      Failing to adopt appropriate policies and/or procedures relating to the repair, inspection, maintenance, and/or safety of the bathroom floor of the Premises;

t.      Failure to properly enforce its policies and/or procedures, if they existed, relating to the inspection, control, and maintenance of the bathroom floor of the Premises;

u.      Failing to correct, eliminate, remedy, and/or remove the dangerous condition and hazard from the bathroom floor of the Premises;

v.      Failure to warn persons, including Plaintiff, of the dangerous condition of the bathroom floor of the Premises;

w.      Failure to adopt proper and adequate guidelines, policies, and/or procedures relating to the inspection, maintenance, and/or safety of the bathroom floor of the Premises, and

x.      Failure to enforce proper and adequate guidelines, policies, and/or procedures relating to the inspection, inspection, maintenance, and/or safety of the bathroom floor of the Premises.

54.     As a direct and proximate result of the negligent, careless, and/or reckless acts or omissions of Defendants, Plaintiff has been severely and permanently injured, as set forth more fully in the paragraphs above.

WHEREFORE, Plaintiff, Joan Weiner, demands judgment against Defendants, Trump Marina, Trump Marina Associates, L.P., Trump Marina, Inc., Trump Marina Associates, LLC, Trump Entertainment, Trump Hotels and John Does 1-10, jointly and severally, for compensatory damages, which will reasonably compensate her for her injuries and losses,

punitive damages, prejudgment and post judgment interests, costs of suit, and any other relief deemed equitable and just by this Honorable Court.

## COUNT II – NEGLIGENCE

## JOAN WEINER v. TRUMP MARINA ASSOCIATES, L.P.

55.     Plaintiff hereby incorporates by reference the averments set forth in paragraphs 1 through 52 inclusive as set forth at length herein.

56.     At all times material hereto, Defendant Trump Marina Associates, L.P. directly, by and through its employees, agents, workmen, and contractors, owed a duty to Plaintiff and persons in Plaintiff's position to exercise due and ordinary care in the operation of its activities, including but not limited to maintenance, inspection, safety, and/or control of the Premises.

57.     At all times material hereto, Defendant Trump Marina Associates, L.P. directly, by and through its employees, agents, workmen, and contractors, had a duty to make, design, inspect, repair, control, and/or maintain the Premises in a reasonable and safe manner.

58.     Defendant Trump Marina Associates, L.P. directly, and by and through its employees, agents, workmen, and contractors, negligently, carelessly, and/or recklessly breached all duties owed to the Plaintiff by permitting the dangerous condition to exist and remain in the bathroom of the Premises thereby approximately causing Plaintiff's serious and permanent injuries.

59.     Plaintiff was seriously and permanently injured as a direct and proximate result of the negligence, carelessness, and/or reckless acts and/or omissions of Defendant Trump Marina Associates, L.P. directly and/or by and through its agents, employees, ostensible agents, servants, workmen, contractors, subcontractors, and/or representatives, which consisted of the following:

a.      Failing to properly and adequately inspect the bathroom of the Premises to protect against dangerous conditions on the bathroom floor;

b.      Failure to correct or remedy a dangerous condition which it knew or should have known to be dangerous;

c.      Failing to protect individuals lawfully in the bathroom of the Premises, including the Plaintiff from the dangerous condition on the bathroom floor of the Premises;

d.      Failing to warn individuals, including the Plaintiff, of the dangerous condition presented by the condition of the bathroom floor;

e.      Failing to post warnings, or other symbols in the bathroom of the Premises, notifying people of the dangerous condition of the bathroom floor;

f.      Preventing or allowing a dangerous condition to remain in/on the bathroom floor of the Premises;

g.      Failing to ensure that the bathroom floor  of the Premises was slip resistant;

h.      Failing to have adequate non-slip protection on the bathroom floor of the Premises;

i.      Failing to have any bathroom mats or other similar coverings to prevent dangerous and slippery conditions on the bathroom floor of the Premises;

j.      Failing to properly and adequately construct and/or maintain the floor of the bathroom of the Premises in a safe condition;

k.  Failing to properly train and instruct the Defendant's personnel, employees, representatives, contractors, subcontractors, and/or agents with regard to the proper inspection, maintenance, and/or safety of the bathroom floor of the Premises;

l.  Failing to ensure that the bathroom floor of the Premises was safely and adequately inspected and/or maintained;

m.  Failing to obtain an approved plan or design for the inspection, repair, and/or maintenance of the bathroom floor of the Premises;

n.  Failing to perform an inspection, repairs, and maintenance of the bathroom floor of the Premises in accordance with approved plans or designs, if any such plans or designs existed;

o.  Failing to maintain the bathroom floor in a condition so that it was safe for its foreseeable use;

p.  Failure to take reasonable steps to ensure that individuals lawfully in the bathroom of the Premises including Plaintiff, would remain free from unnecessary and reasonable harm;

q.  Failing to regularly inspect and maintain the bathroom floor of the Premises to ensure that it was maintained and/or remained in a safe condition in accordance with the Defendants and/or other appropriate policies and procedures;

r.  Failing to repair and/or correct the dangerous condition on the bathroom floor of the Premises when Defendant knew or should have known that such dangerous condition existed;

s.      Failing to adopt appropriate policies and/or procedures relating to the repair, inspection, maintenance, and/or safety of the bathroom floor of the Premises;

t.      Failure to properly enforce its policies and/or procedures, if they existed, relating to the inspection, control, and maintenance of the bathroom floor of the Premises;

u.      Failing to correct, eliminate, remedy, and/or remove the dangerous condition and hazard from the bathroom floor of the Premises;

v.      Failure to warn persons, including Plaintiff, of the dangerous condition of the bathroom floor of the Premises;

w.      Failure to adopt proper and adequate guidelines, policies, and/or procedures relating to the inspection, maintenance, and/or safety of the bathroom floor of the Premises, and

x.      Failure to enforce proper and adequate guidelines, policies, and/or procedures relating to the inspection, inspection, maintenance, and/or safety of the bathroom floor of the Premises.

60.     As a direct and proximate result of the negligent, careless, and/or reckless acts or omissions of Defendants, Plaintiff has been severely and permanently injured, as set forth more fully in the paragraphs above.

WHEREFORE, Plaintiff, Joan Weiner, demands judgment against Defendants, Trump Marina, Trump Marina Associates, L.P., Trump Marina, Inc., Trump Marina Associates, LLC, Trump Entertainment, Trump Hotels and John Does 1-10, jointly and severally, for

compensatory damages, which will reasonably compensate her for her injuries and losses, punitive damages, prejudgment and post judgment interests, costs of suit, and any other relief deemed equitable and just by this Honorable Court.

### COUNT III – NEGLIGENCE

### JOAN WEINER v. TRUMP MARINA, INC.

61.    Plaintiff hereby incorporates by reference the averments set forth in paragraphs 1 through 58 inclusive as set forth at length herein.

62.    At all times material hereto, Defendant Trump Marina, Inc. directly, by and through its employees, agents, workmen, and contractors, owed a duty to Plaintiff and persons in Plaintiff's position to exercise due and ordinary care in the operation of its activities, including but not limited to maintenance, inspection, safety, and/or control of the Premises.

63.    At all times material hereto, Defendant Trump Marina, Inc. directly, by and through its employees, agents, workmen, and contractors, had a duty to make, design, inspect, repair, control, and/or maintain the Premises in a reasonable and safe manner.

64.    Defendant Trump Marina, Inc. directly, and by and through its employees, agents, workmen, and contractors, negligently, carelessly, and/or recklessly breached all duties owed to the Plaintiff by permitting the dangerous condition to exist and remain in the bathroom of the Premises thereby approximately causing Plaintiff's serious and permanent injuries.

65.    Plaintiff was seriously and permanently injured as a direct and proximate result of the negligence, carelessness, and/or reckless acts and/or omissions of Defendant Trump Marina, Inc. directly and/or by and through its agents, employees, ostensible agents, servants,

workmen, contractors, subcontractors, and/or representatives, which consisted of the following:

a.   Failing to properly and adequately inspect the bathroom of the Premises to protect against dangerous conditions on the bathroom floor;

b.   Failure to correct or remedy a dangerous condition which it knew or should have known to be dangerous;

c.   Failing to protect individuals lawfully in the bathroom of the Premises, including the Plaintiff from the dangerous condition on the bathroom floor of the Premises;

d.   Failing to warn individuals, including the Plaintiff, of the dangerous condition presented by the condition of the bathroom floor;

e.   Failing to post warnings, or other symbols in the bathroom of the Premises, notifying people of the dangerous condition of the bathroom floor;

f.   Preventing or allowing a dangerous condition to remain in/on the bathroom floor of the Premises;

g.   Failing to ensure that the bathroom floor  of the Premises was slip resistant;

h.   Failing to have adequate non-slip protection on the bathroom floor of the Premises;

i.   Failing to have any bathroom mats or other similar coverings to prevent dangerous and slippery conditions on the bathroom floor of the Premises;

j.      Failing to properly and adequately construct and/or maintain the floor of the bathroom of the Premises in a safe condition;

k.      Failing to properly train and instruct the Defendant's personnel, employees, representatives, contractors, subcontractors, and/or agents with regard to the proper inspection, maintenance, and/or safety of the bathroom floor of the Premises;

l.      Failing to ensure that the bathroom floor of the Premises was safely and adequately inspected and/or maintained;

m.      Failing to obtain an approved plan or design for the inspection, repair, and/or maintenance of the bathroom floor of the Premises;

n.      Failing to perform an inspection, repairs, and maintenance of the bathroom floor of the Premises in accordance with approved plans or designs, if any such plans or designs existed;

o.      Failing to maintain the bathroom floor in a condition so that it was safe for its foreseeable use;

p.      Failure to take reasonable steps to ensure that individuals lawfully in the bathroom of the Premises including Plaintiff, would remain free from unnecessary and reasonable harm;

q.      Failing to regularly inspect and maintain the bathroom floor of the Premises to ensure that it was maintained and/or remained in a safe condition in accordance with the Defendants and/or other appropriate policies and procedures;

r.      Failing to repair and/or correct the dangerous condition on the bathroom floor of the Premises when Defendant knew or should have known that such dangerous condition existed;

s.      Failing to adopt appropriate policies and/or procedures relating to the repair, inspection, maintenance, and/or safety of the bathroom floor of the Premises;

t.      Failure to properly enforce its policies and/or procedures, if they existed, relating to the inspection, control, and maintenance of the bathroom floor of the Premises;

u.      Failing to correct, eliminate, remedy, and/or remove the dangerous condition and hazard from the bathroom floor of the Premises;

v.      Failure to warn persons, including Plaintiff, of the dangerous condition of the bathroom floor of the Premises;

w.      Failure to adopt proper and adequate guidelines, policies, and/or procedures relating to the inspection, maintenance, and/or safety of the bathroom floor of the Premises, and

x.      Failure to enforce proper and adequate guidelines, policies, and/or procedures relating to the inspection, inspection, maintenance, and/or safety of the bathroom floor of the Premises.

66.     As a direct and proximate result of the negligent, careless, and/or reckless acts or omissions of Defendants, Plaintiff has been severely and permanently injured, as set forth more fully in the paragraphs above.

WHEREFORE, Plaintiff, Joan Weiner, demands judgment against Defendants, Trump Marina, Trump Marina Associates, L.P., Trump Marina, Inc., Trump Marina Associates, LLC, Trump Entertainment, Trump Hotels and John Does 1-10, jointly and severally, for compensatory damages, which will reasonably compensate her for her injuries and losses, punitive damages, prejudgment and post judgment interests, costs of suit, and any other relief deemed equitable and just by this Honorable Court.

## COUNT IV – NEGLIGENCE

### JOAN WEINER v. TRUMP MARINA ASSOCIATES, LLC

67.    Plaintiff hereby incorporates by reference the averments set forth in paragraphs 1 through 64 inclusive as set forth at length herein.

68.    At all times material hereto, Defendant Trump Marina Associates, LLC directly, by and through its employees, agents, workmen, and contractors, owed a duty to Plaintiff and persons in Plaintiff's position to exercise due and ordinary care in the operation of its activities, including but not limited to maintenance, inspection, safety, and/or control of the Premises.

69.    At all times material hereto, Defendant Trump Marina Associates, LLC directly, by and through its employees, agents, workmen, and contractors, had a duty to make, design, inspect, repair, control, and/or maintain the Premises in a reasonable and safe manner.

70.    Defendant Trump Marina Associates, LLC directly, and by and through its employees, agents, workmen, and contractors, negligently, carelessly, and/or recklessly breached all duties owed to the Plaintiff by permitting the dangerous condition to exist and remain in the bathroom of the Premises thereby approximately causing Plaintiff's serious and permanent injuries.

71.     Plaintiff was seriously and permanently injured as a direct and proximate result of the negligence, carelessness, and/or reckless acts and/or omissions of Defendant Trump Marina Associates, LLC directly and/or by and through its agents, employees, ostensible agents, servants, workmen, contractors, subcontractors, and/or representatives, which consisted of the following:

a.     Failing to properly and adequately inspect the bathroom of the Premises to protect against dangerous conditions on the bathroom floor;

b.     Failure to correct or remedy a dangerous condition which it knew or should have known to be dangerous;

c.     Failing to protect individuals lawfully in the bathroom of the Premises, including the Plaintiff from the dangerous condition on the bathroom floor of the Premises;

d.     Failing to warn individuals, including the Plaintiff, of the dangerous condition presented by the condition of the bathroom floor;

e.     Failing to post warnings, or other symbols in the bathroom of the Premises, notifying people of the dangerous condition of the bathroom floor;

f.     Preventing or allowing a dangerous condition to remain in/on the bathroom floor of the Premises;

g.     Failing to ensure that the bathroom floor  of the Premises was slip resistant;

h.     Failing to have adequate non-slip protection on the bathroom floor of the Premises;

i.    Failing to have any bathroom mats or other similar coverings to prevent dangerous and slippery conditions on the bathroom floor of the Premises;

j.    Failing to properly and adequately construct and/or maintain the floor of the bathroom of the Premises in a safe condition;

k.    Failing to properly train and instruct the Defendant's personnel, employees, representatives, contractors, subcontractors, and/or agents with regard to the proper inspection, maintenance, and/or safety of the bathroom floor of the Premises;

l.    Failing to ensure that the bathroom floor of the Premises was safely and adequately inspected and/or maintained;

m.   Failing to obtain an approved plan or design for the inspection, repair, and/or maintenance of the bathroom floor of the Premises;

n.    Failing to perform an inspection, repairs, and maintenance of the bathroom floor of the Premises in accordance with approved plans or designs, if any such plans or designs existed;

o.    Failing to maintain the bathroom floor in a condition so that it was safe for its foreseeable use;

p.    Failure to take reasonable steps to ensure that individuals lawfully in the bathroom of the Premises including Plaintiff, would remain free from unnecessary and reasonable harm;

q.    Failing to regularly inspect and maintain the bathroom floor of the Premises to ensure that it was maintained and/or remained in a safe

condition in accordance with the Defendants and/or other appropriate policies and procedures;

r.      Failing to repair and/or correct the dangerous condition on the bathroom floor of the Premises when Defendant knew or should have known that such dangerous condition existed;

s.      Failing to adopt appropriate policies and/or procedures relating to the repair, inspection, maintenance, and/or safety of the bathroom floor of the Premises;

t.      Failure to properly enforce its policies and/or procedures, if they existed, relating to the inspection, control, and maintenance of the bathroom floor of the Premises;

u.      Failing to correct, eliminate, remedy, and/or remove the dangerous condition and hazard from the bathroom floor of the Premises;

v.      Failure to warn persons, including Plaintiff, of the dangerous condition of the bathroom floor of the Premises;

w.      Failure to adopt proper and adequate guidelines, policies, and/or procedures relating to the inspection, maintenance, and/or safety of the bathroom floor of the Premises, and

x.      Failure to enforce proper and adequate guidelines, policies, and/or procedures relating to the inspection, inspection, maintenance, and/or safety of the bathroom floor of the Premises.

72.     As a direct and proximate result of the negligent, careless, and/or reckless acts or omissions of Defendants, Plaintiff has been severely and permanently injured, as set forth more fully in the paragraphs above.

WHEREFORE, Plaintiff, Joan Weiner, demands judgment against Defendants, Trump Marina, Trump Marina Associates, L.P., Trump Marina, Inc., Trump Marina Associates, LLC, Trump Entertainment, Trump Hotels and John Does 1-10, jointly and severally, for compensatory damages, which will reasonably compensate her for her injuries and losses, punitive damages, prejudgment and post judgment interests, costs of suit, and any other relief deemed equitable and just by this Honorable Court.

## COUNT V – NEGLIGENCE

### JOAN WEINER v. TRUMP ENTERTAINMENT RESORTS, INC.

73.     Plaintiff hereby incorporates by reference the averments set forth in paragraphs 1 through 70 inclusive as set forth at length herein.

74.     At all times material hereto, Defendant Trump Entertainment Resorts, Inc. directly, by and through its employees, agents, workmen, and contractors, owed a duty to Plaintiff and persons in Plaintiff's position to exercise due and ordinary care in the operation of its activities, including but not limited to maintenance, inspection, safety, and/or control of the Premises.

75.     At all times material hereto, Defendant Trump Entertainment Resorts, Inc. directly, by and through its employees, agents, workmen, and contractors, had a duty to make, design, inspect, repair, control, and/or maintain the Premises in a reasonable and safe manner.

76.     Defendant Trump Entertainment Resorts, Inc. directly, and by and through its employees, agents, workmen, and contractors, negligently, carelessly, and/or recklessly breached all duties owed to the Plaintiff by permitting the dangerous condition to exist and remain in the bathroom of the Premises thereby approximately causing Plaintiff's serious and permanent injuries.

77.     Plaintiff was seriously and permanently injured as a direct and proximate result of the negligence, carelessness, and/or reckless acts and/or omissions of Defendant Trump Entertainment Resorts, Inc. directly and/or by and through its agents, employees, ostensible agents, servants, workmen, contractors, subcontractors, and/or representatives, which consisted of the following:

        a.     Failing to properly and adequately inspect the bathroom of the Premises to protect against dangerous conditions on the bathroom floor;

        b.     Failure to correct or remedy a dangerous condition which it knew or should have known to be dangerous;

        c.     Failing to protect individuals lawfully in the bathroom of the Premises, including the Plaintiff from the dangerous condition on the bathroom floor of the Premises;

        d.     Failing to warn individuals, including the Plaintiff, of the dangerous condition presented by the condition of the bathroom floor;

        e.     Failing to post warnings, or other symbols in the bathroom of the Premises, notifying people of the dangerous condition of the bathroom floor;

f.    Preventing or allowing a dangerous condition to remain in/on the bathroom floor of the Premises;

g.    Failing to ensure that the bathroom floor of the Premises was slip resistant;

h.    Failing to have adequate non-slip protection on the bathroom floor of the Premises;

i.    Failing to have any bathroom mats or other similar coverings to prevent dangerous and slippery conditions on the bathroom floor of the Premises;

j.    Failing to properly and adequately construct and/or maintain the floor of the bathroom of the Premises in a safe condition;

k.    Failing to properly train and instruct the Defendant's personnel, employees, representatives, contractors, subcontractors, and/or agents with regard to the proper inspection, maintenance, and/or safety of the bathroom floor of the Premises;

l.    Failing to ensure that the bathroom floor of the Premises was safely and adequately inspected and/or maintained;

m.    Failing to obtain an approved plan or design for the inspection, repair, and/or maintenance of the bathroom floor of the Premises;

n.    Failing to perform an inspection, repairs, and maintenance of the bathroom floor of the Premises in accordance with approved plans or designs, if any such plans or designs existed;

o.    Failing to maintain the bathroom floor in a condition so that it was safe for its foreseeable use;

p.   Failure to take reasonable steps to ensure that individuals lawfully in the bathroom of the Premises including Plaintiff, would remain free from unnecessary and reasonable harm;

q.   Failing to regularly inspect and maintain the bathroom floor of the Premises to ensure that it was maintained and/or remained in a safe condition in accordance with the Defendants and/or other appropriate policies and procedures;

r.   Failing to repair and/or correct the dangerous condition on the bathroom floor of the Premises when Defendant knew or should have known that such dangerous condition existed;

s.   Failing to adopt appropriate policies and/or procedures relating to the repair, inspection, maintenance, and/or safety of the bathroom floor of the Premises;

t.   Failure to properly enforce its policies and/or procedures, if they existed, relating to the inspection, control, and maintenance of the bathroom floor of the Premises;

u.   Failing to correct, eliminate, remedy, and/or remove the dangerous condition and hazard from the bathroom floor of the Premises;

v.   Failure to warn persons, including Plaintiff, of the dangerous condition of the bathroom floor of the Premises;

w.   Failure to adopt proper and adequate guidelines, policies, and/or procedures relating to the inspection, maintenance, and/or safety of the bathroom floor of the Premises, and

x.  Failure to enforce proper and adequate guidelines, policies, and/or procedures relating to the inspection, inspection, maintenance, and/or safety of the bathroom floor of the Premises.

78.  As a direct and proximate result of the negligent, careless, and/or reckless acts or omissions of Defendants, Plaintiff has been severely and permanently injured, as set forth more fully in the paragraphs above.

WHEREFORE, Plaintiff, Joan Weiner, demands judgment against Defendants, Trump Marina, Trump Marina Associates, L.P., Trump Marina, Inc., Trump Marina Associates, LLC, Trump Entertainment, Trump Hotels and John Does 1-10, jointly and severally, for compensatory damages, which will reasonably compensate her for her injuries and losses, punitive damages, prejudgment and post judgment interests, costs of suit, and any other relief deemed equitable and just by this Honorable Court.

## COUNT VI – NEGLIGENCE

## JOAN WEINER v. TRUMP HOTELS AND CASINO RESORTS, INC.

79.  Plaintiff hereby incorporates by reference the averments set forth in paragraphs 1 through 76 inclusive as set forth at length herein.

80.  At all times material hereto, Defendant Trump Hotels directly, by and through its employees, agents, workmen, and contractors, owed a duty to Plaintiff and persons in Plaintiff's position to exercise due and ordinary care in the operation of its activities, including but not limited to maintenance, inspection, safety, and/or control of the Premises.

81.  At all times material hereto, Defendant Trump Hotels directly, by and through its employees, agents, workmen, and contractors, had a duty to make, design, inspect, repair, control, and/or maintain the Premises in a reasonable and safe manner.

82.     Defendant Trump Hotels directly, and by and through its employees, agents, workmen, and contractors, negligently, carelessly, and/or recklessly breached all duties owed to the Plaintiff by permitting the dangerous condition to exist and remain in the bathroom of the Premises thereby approximately causing Plaintiff's serious and permanent injuries.

83.     Plaintiff was seriously and permanently injured as a direct and proximate result of the negligence, carelessness, and/or reckless acts and/or omissions of Defendant Trump Hotels directly and/or by and through its agents, employees, ostensible agents, servants, workmen, contractors, subcontractors, and/or representatives, which consisted of the following:

      a.     Failing to properly and adequately inspect the bathroom of the Premises to protect against dangerous conditions on the bathroom floor;

      b.     Failure to correct or remedy a dangerous condition which it knew or should have known to be dangerous;

      c.     Failing to protect individuals lawfully in the bathroom of the Premises, including the Plaintiff from the dangerous condition on the bathroom floor of the Premises;

      d.     Failing to warn individuals, including the Plaintiff, of the dangerous condition presented by the condition of the bathroom floor;

      e.     Failing to post warnings, or other symbols in the bathroom of the Premises, notifying people of the dangerous condition of the bathroom floor;

      f.     Preventing or allowing a dangerous condition to remain in/on the bathroom floor of the Premises;

g.     Failing to ensure that the bathroom floor  of the Premises was slip resistant;

h.     Failing to have adequate non-slip protection on the bathroom floor of the Premises;

i.     Failing to have any bathroom mats or other similar coverings to prevent dangerous and slippery conditions on the bathroom floor of the Premises;

j.     Failing to properly and adequately construct and/or maintain the floor of the bathroom of the Premises in a safe condition;

k.     Failing to properly train and instruct the Defendant's personnel, employees, representatives, contractors, subcontractors, and/or agents with regard to the proper inspection, maintenance, and/or safety of the bathroom floor of the Premises;

l.     Failing to ensure that the bathroom floor of the Premises was safely and adequately inspected and/or maintained;

m.     Failing to obtain an approved plan or design for the inspection, repair, and/or maintenance of the bathroom floor of the Premises;

n.     Failing to perform an inspection, repairs, and maintenance of the bathroom floor of the Premises in accordance with approved plans or designs, if any such plans or designs existed;

o.     Failing to maintain the bathroom floor in a condition so that it was safe for its foreseeable use;

p.    Failure to take reasonable steps to ensure that individuals lawfully in the bathroom of the Premises including Plaintiff, would remain free from unnecessary and reasonable harm;

q.    Failing to regularly inspect and maintain the bathroom floor of the Premises to ensure that it was maintained and/or remained in a safe condition in accordance with the Defendants and/or other appropriate policies and procedures;

r.    Failing to repair and/or correct the dangerous condition on the bathroom floor of the Premises when Defendant knew or should have known that such dangerous condition existed;

s.    Failing to adopt appropriate policies and/or procedures relating to the repair, inspection, maintenance, and/or safety of the bathroom floor of the Premises;

t.    Failure to properly enforce its policies and/or procedures, if they existed, relating to the inspection, control, and maintenance of the bathroom floor of the Premises;

u.    Failing to correct, eliminate, remedy, and/or remove the dangerous condition and hazard from the bathroom floor of the Premises;

v.    Failure to warn persons, including Plaintiff, of the dangerous condition of the bathroom floor of the Premises;

w.    Failure to adopt proper and adequate guidelines, policies, and/or procedures relating to the inspection, maintenance, and/or safety of the bathroom floor of the Premises, and

x.      Failure to enforce proper and adequate guidelines, policies, and/or procedures relating to the inspection, inspection, maintenance, and/or safety of the bathroom floor of the Premises.

84.     As a direct and proximate result of the negligent, careless, and/or reckless acts or omissions of Defendants, Plaintiff has been severely and permanently injured, as set forth more fully in the paragraphs above.

WHEREFORE, Plaintiff, Joan Weiner, demands judgment against Defendants, Trump Marina, Trump Marina Associates, L.P., Trump Marina, Inc., Trump Marina Associates, LLC, Trump Entertainment, Trump Hotels and John Does 1-10, jointly and severally, for compensatory damages, which will reasonably compensate her for her injuries and losses, punitive damages, prejudgment and post judgment interests, costs of suit, and any other relief deemed equitable and just by this Honorable Court.

## COUNT VI – NEGLIGENCE

## JOAN WEINER v. JOHN DOES 1-10.

85.     Plaintiff hereby incorporates by reference the averments set forth in paragraphs 1 through 82 inclusive as set forth at length herein.

86.     At all times material hereto, Defendant John Does 1-10 directly, by and through its employees, agents, workmen, and contractors, owed a duty to Plaintiff and persons in Plaintiff's position to exercise due and ordinary care in the operation of its activities, including but not limited to maintenance, inspection, safety, and/or control of the Premises.

87.     At all times material hereto, Defendant John Does 1-10 directly, by and through its employees, agents, workmen, and contractors, had a duty to make, design, inspect, repair, control, and/or maintain the Premises in a reasonable and safe manner.

88.     Defendant John Does 1-10 directly, and by and through its employees, agents, workmen, and contractors, negligently, carelessly, and/or recklessly breached all duties owed to the Plaintiff by permitting the dangerous condition to exist and remain in the bathroom of the Premises thereby approximately causing Plaintiff's serious and permanent injuries.

89.     Plaintiff was seriously and permanently injured as a direct and proximate result of the negligence, carelessness, and/or reckless acts and/or omissions of Defendant John Does 1-10 directly and/or by and through its agents, employees, ostensible agents, servants, workmen, contractors, subcontractors, and/or representatives, which consisted of the following:

      a.     Failing to properly and adequately inspect the bathroom of the Premises to protect against dangerous conditions on the bathroom floor;

      b.     Failure to correct or remedy a dangerous condition which it knew or should have known to be dangerous;

      c.     Failing to protect individuals lawfully in the bathroom of the Premises, including the Plaintiff from the dangerous condition on the bathroom floor of the Premises;

      d.     Failing to warn individuals, including the Plaintiff, of the dangerous condition presented by the condition of the bathroom floor;

      e.     Failing to post warnings, or other symbols in the bathroom of the Premises, notifying people of the dangerous condition of the bathroom floor;

      f.     Preventing or allowing a dangerous condition to remain in/on the bathroom floor of the Premises;

g.      Failing to ensure that the bathroom floor  of the Premises was slip resistant;

h.      Failing to have adequate non-slip protection on the bathroom floor of the Premises;

i.      Failing to have any bathroom mats or other similar coverings to prevent dangerous and slippery conditions on the bathroom floor of the Premises;

j.      Failing to properly and adequately construct and/or maintain the floor of the bathroom of the Premises in a safe condition;

k.      Failing to properly train and instruct the Defendant's personnel, employees, representatives, contractors, subcontractors, and/or agents with regard to the proper inspection, maintenance, and/or safety of the bathroom floor of the Premises;

l.      Failing to ensure that the bathroom floor of the Premises was safely and adequately inspected and/or maintained;

m.     Failing to obtain an approved plan or design for the inspection, repair, and/or maintenance of the bathroom floor of the Premises;

n.      Failing to perform an inspection, repairs, and maintenance of the bathroom floor of the Premises in accordance with approved plans or designs, if any such plans or designs existed;

o.      Failing to maintain the bathroom floor in a condition so that it was safe for its foreseeable use;

p.      Failure to take reasonable steps to ensure that individuals lawfully in the bathroom of the Premises including Plaintiff, would remain free from unnecessary and reasonable harm;

q.      Failing to regularly inspect and maintain the bathroom floor of the Premises to ensure that it was maintained and/or remained in a safe condition in accordance with the Defendants and/or other appropriate policies and procedures;

r.      Failing to repair and/or correct the dangerous condition on the bathroom floor of the Premises when Defendant knew or should have known that such dangerous condition existed;

s.      Failing to adopt appropriate policies and/or procedures relating to the repair, inspection, maintenance, and/or safety of the bathroom floor of the Premises;

t.      Failure to properly enforce its policies and/or procedures, if they existed, relating to the inspection, control, and maintenance of the bathroom floor of the Premises;

u.      Failing to correct, eliminate, remedy, and/or remove the dangerous condition and hazard from the bathroom floor of the Premises;

v.      Failure to warn persons, including Plaintiff, of the dangerous condition of the bathroom floor of the Premises;

w.      Failure to adopt proper and adequate guidelines, policies, and/or procedures relating to the inspection, maintenance, and/or safety of the bathroom floor of the Premises, and

       x.      Failure to enforce proper and adequate guidelines, policies, and/or procedures relating to the inspection, inspection, maintenance, and/or safety of the bathroom floor of the Premises.

90.    As a direct and proximate result of the negligent, careless, and/or reckless acts or omissions of Defendants, Plaintiff has been severely and permanently injured, as set forth more fully in the paragraphs above.

WHEREFORE, Plaintiff, Joan Weiner, demands judgment against Defendants, Trump Marina, Trump Marina Associates, L.P., Trump Marina, Inc., Trump Marina Associates, LLC, Trump Entertainment, Trump Hotels and John Does 1-10, jointly and severally, for compensatory damages, which will reasonably compensate her for her injuries and losses, punitive damages, prejudgment and post judgment interests, costs of suit, and any other relief deemed equitable and just by this Honorable Court.

## JURY DEMAND

PLEASE TAKE NOTICE THAT Plaintiffs hereby demand a trial by jury as to all issues in this cause of action.

## CERTIFICATION

I certify that to the best of my personal knowledge, the matter in controversy is not the subject of any prior or pending action or arbitration proceeding in any other court, nor is any other action or arbitration proceeding contemplated, in that no other party should be joined in this action.

I further certify that the forgoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

The subject matter of this Complaint is not the subject of any other pending court action, arbitration, or administrative proceeding.

SHERIDAN & MURRAY, LLC

BY: _____/s/ Sean E. Quinn_____
SEAN E. QUINN, ESQUIRE
Centre Square West, 38th Floor
1500 Market Street
Philadelphia, PA  19102
(215) 977-9500
Attorney for Plaintiff

Dated: \_December 6, 2010_____